IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:10cv597-WHA-CSC |
| | ) | (WO) |
| SKILSTAF, INC., SKILSTAF | ) | |
| INTERNATIONAL, INC., PACA, INC., | ) | |
| SKILSTAF A.G., SKILSTAF EUROPE | ) | |
| A.G., PREVOYANCE GENERALE | ) | |
| HOLDINGS, S.A., NATHAN W. | ) | |
| STARK, WANDA C. STARK, | ) | |
| PHILADELPHIA, LTD., and PIC | ) | |
| HOLDING COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Compel Arbitration and Motion to Dismiss, or, in the Alternative, Stay Proceedings (Doc. #11) filed by Skilstaf, Inc. ("Skilstaf"), Skilstaf International, Inc. ("Skilstaf International"), PACA, Inc. ("PACA"), Nathan W. Stark ("Nathan Stark"), Wanda C. Stark ("Wanda Stark"), Philadelphia, LTD. ("Philadelphia"), and PIC Holding Company, Inc. ("PIC," collectively, the "Moving Defendants") on August 25, 2010.

The Plaintiff, Bank of America, N.A. ("Bank of America") filed a Complaint in this case on July 13, 2010. In that Complaint, Bank of America seeks to recover nearly $6,000,000 allegedly owed under a disputed financial transaction with Defendants, and to obtain a preliminary injunction and the appointment of a receiver to protect its alleged property rights

pending the resolution of this matter.

The court has jurisdiction of this case based on diversity of citizenship.

The Moving Defendants filed the instant Motion, seeking to dismiss or stay this case, including the requests for a preliminary injunction and appointment of a receiver, and to send this entire case to arbitration. After the Moving Defendants filed their Motion to Compel Arbitration, Bank of America informed the court on October 14, 2010 that it had now initiated arbitration proceedings for all claims in this case except its requests for a preliminary injunction and the appointment of a receiver.[1] Accordingly, the only issue on which the parties disagree is whether the Moving Defendants can compel arbitration on Bank of America's requests for a preliminary injunction and the appointment of a receiver.

For reasons to be discussed, the Moving Defendants' Motion is due to be DENIED AS MOOT IN PART, DENIED IN PART, and GRANTED IN PART.

## II.  STANDARD FOR A MOTION TO COMPEL ARBITRATION

Since the parties are now in agreement to arbitrate all issues except the requests for a preliminary injunction and the appointment of a receiver, the court will address only the standard to be used to determine that remaining dispute.

Where a contract contains an arbitration clause, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation

---

[1]This representation was by telephone call from Bank of America's counsel to the court's chambers, which the court accepts.

2

that covers the asserted dispute.  Doubts should be resolved in favor of coverage.'" *AT&T Tech.*

*Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of*

*Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-83 (1960)).  Arbitration is, however, a matter

of contract; thus, "a party cannot be required to submit to arbitration any dispute which he has

not agreed so to submit." *United Steelworkers of Am.*, 363 U.S. at 582.  Ultimately, "[t]he

question whether the parties have submitted a particular dispute to arbitration, *i.e.*, the 'question

of arbitrability,' is 'an issue for judicial determination [u]nless the parties clearly and

unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83

(2002) (quoting *AT&T Tech.*, 475 U.S. at 649).  In determining which claims are arbitrable, the

court looks to the intent of the parties, and in so doing, gives full effect to all provisions in the

contract.  *Redmon v. Soc'y & Corp. of Lloyds*, 434 F. Supp. 2d 1211, 1218 (M.D. Ala. 2006)

(citing *Bullock v. United Benefit Life Ins. Co.*, 165 F. Supp. 2d 1259, 1261 (M.D. Ala. 2001)).


## III.  <u>FACTS</u>

The allegations of the Plaintiff's Complaint are as follows:

On November 23, 2004, Skilstaf, Skilstaf International, and PACA (collectively, the

"Borrowers"), executed a Loan and Security Agreement with Bank of America.  Under this

agreement, Bank of America extended a revolving loan to the Borrowers in return for a

promissory note made payable to Bank of America.  Additionally, Skilstaf A.G., Skilstaf Europe

A.G., Nathan Stark, Wanda Stark, and Prevoyance Generale Holdings, S.A. (collectively, the

"Guarantors") agreed to unconditionally guarantee payment and performance of the Borrowers'

"liabilities, obligations, and debts owed to" Bank of America.  (Compl. ¶ 15.)

Beginning on March 1, 2009, the parties entered into three separate modifications to their original agreement.  Significantly, each of these modifications included an identical arbitration clause (the "Arbitration Clause").  The pertinent parts of the Arbitration Clause read:

> (a) This Dispute Resolution Provision concerns the resolution of *any controversies or claims* between the parties . . . including but not limited to controversies or claims that arise out of or relate to: (i) this Agreement (including any renewals, extensions or modifications); or (ii) any document related to this Agreement . . . .

> (b) *At the request* of any party to this Agreement, any Claim *shall be resolved by binding arbitration* in accordance with the Federal Arbitration Act . . . .

> (e) . . . . *Any dispute* concerning this arbitration provision or whether a Claim is arbitrable *shall be determined by the arbitrator(s), except as set forth at subparagraph (h)* . . . .

> (f) This paragraph *does not limit the right of any party to . . . act in a court of law to obtain an interim remedy, such as but not limited to, injunctive relief, writ of possession or appointment of a receiver*, or additional or supplementary remedies.

(Third Loan Modification and Forbearance Agreement ¶ 7.5.) (emphasis added).  Subparagraph (h) deals with class action waivers, and is not applicable here.

Bank of America now contends that the loan is in default.


## IV.  DISCUSSION

The court faces two issues.  First, the court must determine whether it is required to compel arbitration on Bank of America's requests for a preliminary injunction and the appointment of a receiver.  Second, the court must determine whether to stay or dismiss the arbitrable claims in this case.

A.      **Requests for Preliminary Relief**

The Moving Defendants, relying on subparts (a), (b), and (e) of the Arbitration Clause, ask this court to compel arbitration on Bank of America's requests for a preliminary injunction and the appointment of a receiver, and to stay or dismiss this entire case.  Bank of America contends, relying on subpart (f) of the Arbitration Clause, that this court, not an arbitrator, should rule on whether Bank of America is entitled to a preliminary injunction and/or the appointment of a receiver.  The court concludes that it, not the arbitrator, must hear Bank of America's requests for preliminary relief.

The Supreme Court and Eleventh Circuit have held that, although the Federal Arbitration Act creates a "presumption in favor of arbitrability," *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1057 (11th Cir. 1998), whether and how claims are arbitrable is ultimately an issue of contractual interpretation under state law.  *Am. Express Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997).   In *Volt Information Sciences*, the Supreme Court wrote that the Federal Arbitration Act "does not confer a right to compel arbitration of any dispute at any time; it confers only the right to obtain an order directing that 'arbitration proceed in the manner provided for in [the parties'] agreement.'" *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474-75 (1989).  Indeed, "[b]ecause parties are free to structure their arbitration agreements as they see fit, 'they may limit by contract the issues which they will arbitrate.'"  *Makarewicz*, 122 F.3d at 940 (quoting *Volt*, 489 U.S. at 479).  For example, in *Makarewicz*, the Eleventh Circuit held that a plaintiff could demand an injunction in court while the rest of the case was submitted to arbitration because the contract between plaintiff and defendant stated "[i]f a dispute involving this Agreement is submitted for arbitration . . . [the

plaintiff] is entitled to an injunction . . . while the arbitration is pending." *Id.* at 940.[2]

In this case, the court concludes that it may hear Bank of America's claims for preliminary relief because the Arbitration Clause contemplates that a court, not an arbitrator, should hear such claims. The Moving Defendants emphasize paragraph (e) of the Arbitration Clause, which states that "[a]ny dispute concerning this arbitration provision or whether a Claim is arbitrable shall be determined by the arbitrator(s)." (Third Loan Modification and Forbearance Agreement ¶ 7.5.) Paragraph (e), read alone, apparently requires that this court refer all disputes about what is arbitrable to arbitration. However, the very next paragraph, paragraph (f), states that "This paragraph *does not limit* the right of any party to . . . (iv) act in a court of law to obtain an interim remedy, such as but not limited to *injunctive relief* . . . or *appointment of a receiver*." (*Id.*)

It is an established maxim of contract law that "[w]hen there is a conflict in a contract, the specific substantive provisions control over general provisions." *ERA Commander Realty, Inc. v. Harrigan*, 514 So. 2d 1329, 1335 (Ala. 1987); *see also W. Oil Fields, Inc. v. Pennzoil United, Inc.*, 421 F.2d 387, 389 (5th Cir. 1970). Under this maxim, because paragraph (f) refers to more specific subject matter than paragraph (e), paragraph (e) must bow to the exception specified in

---

[2]As a matter of federal law, a number of circuits outside the Eleventh Circuit have held, in certain circumstances, that a court may grant preliminary relief during the pendency of arbitration proceedings, even if the parties' contract says nothing about preliminary relief. *See Toyo Tire Holdings of Americas, Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 981-82 (9th Cir. 2010) (stating that the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Tenth Circuits have held that a district court may issue an injunction pending arbitration, despite a lack of express contractual language providing that the court may do so). These circuits have reasoned that preliminary relief is particularly appropriate when it is necessary to preserve the status quo during the arbitration. *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1377 (6th Cir. 1995).

paragraph (f).

Moreover, "[i]nconsistent parts in a contract are to be reconciled, if susceptible of reconciliation." *Sullivan, Long & Hagerty v. S. Elec. Generating Co.*, 667 So. 2d 722, 725 (Ala. 1995); *see also Redmon*, 434 F. Supp. 2d at 1218. If this court were to send the issues of preliminary relief in this case to arbitration, then paragraph (f), which allows a party to "act in a court of law," would be meaningless. To reconcile paragraphs (e) and (f), this court must give paragraph (f) meaning by allowing Bank of America to seek preliminary relief in this court.

Therefore, the court concludes that it, not an arbitrator, will hear Bank of America's requests for a preliminary injunction and appointment of a receiver in this case.

**B.      Stay or Dismiss**

The Eleventh Circuit has held that "a district court shall stay a pending suit" with respect to arbitrable issues, but the court has discretion to stay a case with respect to nonarbitrable issues. *Klay v. All Defendants*, 389 F.3d 1191, 1203-04 (11th Cir. 2004) (citations omitted). In this case, the court faces both arbitrable claims, specifically, the claims that Bank of America now has referred to an arbitrator, and nonarbitrable claims, specifically, Bank of America's requests for preliminary relief. The court concludes that it will stay this case as to the arbitrable claims, and, consistent with the reasons discussed above, that it will refuse to stay or dismiss this case as to Bank of America's requests for a preliminary injunction and appointment of a receiver.

**V.  CONCLUSION**

For the foregoing reasons, it is hereby ORDERED as follows:

7

1. The Motion to Compel Arbitration (Doc. #11) is DENIED AS MOOT as to all claims against the Moving Defendants except the claims for preliminary injunction and appointment of a receiver, and DENIED as to those claims.

2. The Motion to Stay or Dismiss (Doc. #11) is GRANTED to the extent that this case is stayed as to all claims now in arbitration, pending conclusion of those proceedings.[3]

Done this 18th day of November, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]Defendants Skilstaf A.G., Skilstaf Europe A.G., and Prevoyance Generale Holdings, S.A. have not been served with process and have not joined the Moving Defendants' Motion. Accordingly, the court's order does not apply to them.